LAW OFFICES OF
**WALKUP, MELODIA, KELLY, WECHT & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
(415) 981-7210

FILED
2012 MAR 30 P 5: 05
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MATTHEW D. DAVIS (State Bar #141986)
DORIS CHENG (State Bar #197731)
**ATTORNEYS FOR PLAINTIFFS**

E-filing

NC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHYNA McKAY AND JONATHAN PORTER, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO THE ESTATE of JESSE PORTER; AND JESSE PORTER JR., INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST TO THE ESTATE of JESSE PORTER, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JESSE PORTER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF HAYWARD, FORMER HAYWARD POLICE CHIEF RON ACE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, HAYWARD POLICE OFFICERS LORING COX, MICHAEL MILLER, and ROBERT PURNELL, and DOES ONE through TWENTY FIVE, inclusive,<br><br>Defendants. | Case No. CV 12 1613<br><br>**COMPLAINT FOR DAMAGES**<br>[42 U.S.C. § 1983, NEGLIGENCE PER SE, NEGLIGENCE, ASSAULT & BATTERY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, INTERFERENCE WITH CONSTITUTIONAL RIGHTS, WRONGFUL DEATH ]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs CHYNA McKAY and JONATHAN PORTER, INDIVIDUALLY and as

SUCCESSORS-IN-INTEREST TO THE ESTATE of JESSE PORTER, and JESSE PORTER JR.,

INDIVIDUALLY, as SUCCESSOR-IN-INTEREST to the ESTATE of JESSE PORTER, and as

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

1

COMPLAINT FOR DAMAGES

PERSONAL REPRESENTATIVE of the ESTATE of JESSE PORTER, hereby allege as follows:

## INTRODUCTION

1. This is a civil rights action seeking damages suffered as a result of an unprovoked and vicious attack on Jesse Porter, a.k.a. Jesse Portero ("Decedent"), by a Hayward Police Department service dog named "Nicky" (a.k.a. "Nikki"), who was acting under the command and control of defendant police officers Loring Cox, Michael Miller, and Robert Purnell. The attack occurred on the evening of May 29, 2011, when the officers hoisted Nicky over an eight foot high security wall behind Mr. Porter's house and into his backyard, without warning and without taking any precautions to protect the innocent inhabitants of the residence. Mr. Porter was lawfully in his backyard at the time, and was not a party to, nor even suspected to be a participant in, any criminal activity whatsoever. Nicky violently attacked Mr. Porter, mutilating his leg, ultimately causing Mr. Porter's death. Mr. Porter's children now pursue this action, as successors in interest to Decedent's estate, and as the personal representative of the estate, to vindicate Mr. Porter's civil rights under the federal Constitution and state laws, to expose the wrongdoing that led to his maiming and death, and to seek necessary changes in the policies, training, and practices of the Hayward Police Department.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court over the subject matter of this claim is predicated on Title 28 of the United States Code §§1331 and 1343. This action is brought pursuant to Title 42 of the United States Code §§ 1983 and 1988.

3. Subject matter jurisdiction over supplemental state law claims is predicated on Title 28 of the United States Code § 1367 and Article 3 of the United States Constitution. The pendent state law claims contained in this Complaint arise from the same nucleus of operative facts, and

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2

COMPLAINT FOR DAMAGES

involve identical issues of fact and law, as the federal claims, such that the entire action constitutes a single case appropriate for prosecution as a single proceeding.

4. On or about January 19, 2012, Plaintiffs and the Estate presented a written claim for damages with the County defendants pursuant to California Government Code § 910 *et seq.* The County issued a Notice of Rejection of Claim on March 9, 2012. This Complaint is thus timely and properly commenced on all state law claims pursuant to applicable provisions of the Government Code.

5. Plaintiffs are entitled to pursue the claims of the Decedent pursuant to the successor beneficiary provisions of California Code of Civil Procedure § 377.10 et seq.

6. Venue is proper in this District under 28 U.S.C. §1391(b)(1) and (2) because a substantial part, if not all, of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

7. Pursuant to Northern District Civil Local Rule 3-2(c) and (d), assignment to the San Francisco or Oakland Division of this Court is proper because a substantial part of the events or omissions giving rise to the claims herein occurred in the County of Alameda.

**PARTIES**

8. Plaintiffs Chyna McKay and Jesse Porter Jr. are the biological children of Jesse Porter, the Decedent. Plaintiff Jonathan Porter was raised by Jesse Porter and had a father-son relationship with the Decedent up until his death. Additionally, Jesse Porter, Jr. is the personal representative of the Estate of Jesse Porter. Together, Plaintiffs named herein constitute all of the confirmed living heirs-at-law of the decedent. Decedent was the father of two other children; a son Tony Porter who was born in 1950; and a daughter named Diana Jean Porter a.k.a. Diana Jean Wilson who was born in 1944. Decedent had not been in any contact with either of the non-plaintiff children for many years before he died. Plaintiffs do not know their present whereabouts and do not know whether they are still living. Plaintiffs are authorized to bring this action

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

3

COMPLAINT FOR DAMAGES

pursuant to California Code of Civil Procedure §§ 377.30, 377.60, and federal civil rights law. Each Plaintiff resides in the State of California.

9. Defendant City of Hayward is a public entity, duly incorporated and existing under the laws of the state of California. The City of Hayward oversees and operates the Hayward Police Department, which employs or employed the other defendants in this action.

10. At the time of the attack described herein, Defendant Ron Ace was the Chief of Police for the Hayward Police Department. In committing the acts and omissions described in this complaint, he was acting under color of law and within the course and scope of his employment. Defendant Ace is sued in his official capacity for the federal claims.

11. At all times herein mentioned, Defendant Loring Cox was a police officer for the Hayward Police Department. In committing the acts and omissions alleged in this complaint, he was acting under color of law and within the course and scope of his employment as a police officer for the Hayward Police Department and the City of Hayward.

12. At all times herein mentioned, defendant Michael Miller was a police officer for the Hayward Police Department. In committing the acts and omissions alleged in this complaint, he was acting under color of law and within the course and scope of his employment as a police officer for the Hayward Police Department and the City of Hayward.

13. At all times herein mentioned, defendant Robert Purnell was a police officer for the Hayward Police Department. In committing the acts and omissions alleged in this complaint, he was acting under color of law and within the course and scope of his employment as a police officer for the Hayward Police Department and the City of Hayward.

14. The true names or capacities, whether individual, corporate, governmental or associate, of the defendants named herein as Does 1 through 25 are unknown to plaintiffs who therefore sue said defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

damages, and deprivation of constitutional rights suffered by plaintiffs as described in this complaint. Plaintiffs pray leave to amend this Complaint to show their true names and capacities when the same have been finally determined. Any reference in this Complaint to "defendant," "defendants," or to an individually named defendant, also refers to Does 1 through 25.

15. Each of the defendants, including Does 1 through 25, caused and is responsible for the unlawful conduct described herein and the resulting injuries by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with others who did so; by authorizing, acquiescing in or setting in motion policies, plans or actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; by failing and refusing, with deliberate indifference to the decedent's rights, to initiate and maintain adequate training and supervision; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

16. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other defendants.

## FACTUAL ALLEGATIONS

17. At all times herein mentioned, defendants City of Hayward, Ace, Cox, Miller, and Purnell, and Does 1 through 25, and each of them, owned, possessed, controlled, had custody of, or kept Hayward Police Department Service Dog "Nicky." At the time of the attack on Decedent, Officer Cox was assigned as Nicky's Canine Handler. Nicky is a full grown male Shephard, imported by the Hayward Police Department from the Netherlands at a cost of over $10,000, and trained in hard bitework. As a police dog, Nicky is incapable of discriminating between suspects and bystanders, and is trained to bite whomever he encounters when deployed by his handler. Prior to and through May 29, 2011, Defendants knew or should have known that, because of the dog's training and experience, Nicky was dangerous and was likely to bite people, including

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5

COMPLAINT FOR DAMAGES

innocent people if placed in contact with them under certain circumstances. Defendants failed to take reasonable care that the dog did not attack innocent bystanders.

18. In May 2011, Jesse Porter lived in a detached home in the Hayward Mobile Country Club on Winton Avenue in Hayward, California. His house was protected by an eight-foot high security wall running behind the backyard and along the sides of the property.

19. In the late evening of May 29, 2011, Mr. Porter was lawfully in the backyard of his private residence. At approximately 10:30 p.m., defendant Officers Cox, Miller, and Purnell were in pursuit of two suspects who allegedly had robbed a nearby restaurant. At approximately 10:50 p.m., the officers lifted the dog Nicky over the security wall surrounding Decedent's backyard. After placing Nicky on the ground in Mr. Porter's yard, knowing that it was an inhabited private residence, the officers explicitly instructed Nicky to resume tracking. The dog then brutally and relentlessly mauled Mr. Porter, biting his left leg and maintaining the bite while dragging Decedent's entire body backward across the ground, causing a severe, and ultimately fatal, open wound to decedent's left leg. By the time Officer Cox finally instructed Nicky to release the bite, it was too late, and emergency medical personnel were called to provide advanced life support.

20. Mr. Porter was not a party to, nor a participant in, nor suspected to be a party to or participant in, the acts that prompted the use of the dog in the police work. The robbery suspects being pursued by the police were both described as Black adult males. One was described as being 30-40 years old, 5' 8", and 160 lbs., and the other being of unknown age, 5' 7" to 5' 10", and 180-200 lbs. Mr. Porter looked nothing like the robbery suspects. He was an 89 year-old Filipino man with grey hair weighing 140 pounds.

21. At approximately 10:56 p.m., Emergency Medical System ("EMS") personnel arrived and provided advanced life support to Mr. Porter, including spinal immobilization and trauma dressing to his left leg. Mr. Porter was then immediately hospitalized, and the emergency room doctor noted that Mr. Porter had suffered a "very large dog bite in the left lower extremity, sustaining injuries both anteriorly and posteriorly in a near-circumferential fashion … involving both the muscle bed and tendon with some exposure of bone ... [including] proximal fibula fracture." Subsequently, Mr. Porter's leg became gangrenous and had to be amputated above the

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

knee as a result of the bite injuries inflicted by the dog. As a further result of the injuries inflicted by Nicky, Mr. Porter's health declined further, and he died on July 27, 2011. Decedent remained in health care facilities the entire two months following the attack until his death, during which he experienced immense pain and suffering. The dog bite injuries were a substantial factor causing Decedent's pain and suffering and eventual death.

22. Mr. Porter did not provoke the above described dog attack or contribute in any manner to his fatal injuries.

23. Plaintiffs are informed and believe that following the dog attack, Officer Cox and other Hayward police officials fabricated reports and otherwise fabricated evidence regarding the incident.

## DAMAGES

24. As a direct, legal, and proximate result of Defendants' acts and omissions alleged herein, decedent Jesse Porter sustained significant economic and non-economic damages, including, but not limited to, medical expenses, physical pain, emotional distress, and violation of his constitutional rights.

25. As a direct, legal, and proximate result of Defendants' acts and omissions alleged herein, Plaintiffs have been deprived of a kind and loving father, and of his care, companionship, comfort, love, affection, society, and moral support, all to their general damages.

26. As a direct, legal, and proximate result of Defendants' acts and omissions alleged herein, Plaintiffs have sustained special and economic damages representing expenses for funeral and disposition of the remains of the decedent.

27. As a direct, legal, and proximate result of Defendants' acts and omissions alleged herein, Plaintiffs seek all damages and remedies allowable pursuant to 42 U.S.C. §§ 1983 and 1988, the decisional authority of federal civil rights law, and California state law.

28. Plaintiffs have engaged counsel to vindicate their rights, and those of Decedent. They are therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to 42 U.S.C. § 1988 and relevant state laws.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

7

COMPLAINT FOR DAMAGES

29. The individual defendants acted with fraud, oppression, and/or malice, which justifies the imposition of punitive and exemplary damages.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – Violation of Decedent's Constitutional Rights
### (Against Defendants Cox, Miller, and Purnell)

30. Plaintiffs hereby incorporate herein the preceding paragraphs of this complaint to the extent relevant, as if fully set forth.

31. At all times herein mentioned, Defendants had an obligation to comply with the Fourth and Fourteenth Amendments to the United States Constitution. Defendants failed to meet this obligation with respect to Decedent.

32. Defendant Officers Cox, Miller, and Purnell acted under color of law in using excessive and unreasonable force against Decedent when they restrained Decedent's liberty by directing Nicky into his yard, intending to effect a seizure, knowing that the dog was specifically trained to violently seize anyone in the space in which he was deployed, and causing the dog to maul, bite, and incapacitate Decedent, resulting in severe and fatal injuries.

33. Defendants' seizure and excessive force violated Decedent's right under the Fourth Amendment to be secure in his person from unreasonable searches and seizures.

34. Defendants' seizure and excessive force violated Decedent's substantive due process rights under the Fourteenth Amendment through actions and omissions that shock the conscience.

35. As a direct and legal result of Defendants' violation of the Fourth and Fourteenth Amendments, Decedent sustained significant economic and non-economic damages as alleged herein. Additionally, through this conduct, Defendants acted willfully, wantonly, maliciously, oppressively, and with conscious disregard and deliberate indifference for Decedent's rights, justifying the imposition of punitive or exemplary damages.

///

///

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

8

COMPLAINT FOR DAMAGES

WHEREFORE, plaintiffs pray for relief as set forth below.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 – Municipal Liability
### (Against Defendants City of Hayward and Ron Ace in his official capacity)

36. Plaintiffs hereby incorporate herein the preceding paragraphs of this complaint to the extent relevant, as if fully set forth.

37. The policies, customs, regulations, practices, acts, and omissions, of Defendants City of Hayward and Ron Ace in his official capacity regarding the use of police dogs, and subjecting people to excessive force, were moving and causative forces behind the violations of constitutional rights and the resulting damages suffered by Decedent. The seizure and deadly attack on Decedent stemmed from a policy of allowing the improper use of police dogs, which are a form of deadly force, in circumstances where innocent third parties or bystanders may be in harm's way. Plaintiffs are informed and believe, and thereon allege, that Defendants have subjected other individuals besides Decedent to excessive force, including but not limited to the misuse of police dogs, as evidenced in part in other litigation and/or reporting.

38. Further, Defendants' adoption, ratification, and approval of the misconduct of Officers Cox, Miller, and Purnell, as alleged herein, were moving and causative forces behind the violations of constitutional rights and the resulting damages suffered by Decedent.

39. The Defendants' additional failure to properly train, supervise, and control Hayward police officers regarding the proper use of police dogs, and the proper use of force, and these Defendants' failure to adequately discipline those officers involved in misconduct, were the moving and causative forces behind the violations of constitutional rights and the resulting damages suffered by Decedent.

40. Defendants knew or should have known that their acts and omissions were likely to result in a violation of the Fourth and Fourteenth Amendment rights of innocent persons.

41. As a direct, legal, and proximate result of Defendants' deliberate indifference, gross negligence, or reckless disregard, Plaintiffs' suffered economic and noneconomic damages as set forth herein.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

9

COMPLAINT FOR DAMAGES

WHEREFORE, plaintiffs pray for relief as set forth below.

## THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 – Loss of Companionship
### (Against All Defendants)

42. Plaintiffs hereby incorporate herein the preceding paragraphs of this complaint to the extent relevant, as if fully set forth.

43. As a direct, legal and proximate result of the forgoing wrongful acts, omissions, policies, and practices of Defendants, acting under color of state law, Plaintiffs in their individual capacities were deprived of their Fourteenth Amendment substantive due process right to familial companionship stemming from Decedent's wrongful maiming and death.

44. As a direct, legal, and proximate result of Defendants' conduct, Plaintiffs suffered economic and non-economic damages as set forth herein. Additionally, through this conduct, Defendants acted willfully, wantonly, maliciously, oppressively, and with conscious disregard and deliberate indifference for Plaintiffs' rights, justifying the imposition of punitive or exemplary damages.

WHEREFORE, plaintiffs pray for relief as set forth below.

## FOURTH CAUSE OF ACTION
### Negligence *Per Se*
### (California Civil Code § 3342(c))

45. Plaintiffs hereby incorporate herein the preceding paragraphs of this complaint to the extent relevant, as if fully set forth.

46. The City of Hayward, and the individual Defendants, owned, possessed, harbored, cared for, entrusted, controlled or otherwise were legally responsible for the police service dog known as Nicky.

47. Decedent was not a party to, nor a participant in, nor suspected to be a party to or participant in, the act or acts that prompted the use of the dog in the police work.

48. Decedent did not provoke the above described dog attack or contribute in any manner to Decedent's fatal injuries.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

10

COMPLAINT FOR DAMAGES

49. As described above, Nicky proximately and legally caused Decedent to suffer the injuries, physical pain, emotional distress, and death as described herein.

50. California Civil Code § 3342 was designed to protect a class of persons to which Decedent belonged, namely, members of the general public.

51. The attack by Nicky was a legal cause of the wrongful death of Decedent. Defendants' violation of California Civil Code § 3342 constitutes a presumption that Defendants were negligent *per se* for violation of this statute, making Defendants strictly liable for damages suffered by Decedent.

52. The acts and/or omissions of Defendants, and each of them, as alleged herein occurred in the course and scope of their employment with the City of Hayward, and the City is liable for its employees' acts and/or omissions pursuant to California Government Code § 815.2 under the doctrine of *respondeat superior*.

WHEREFORE, plaintiffs pray for relief as set forth below.

### FIFTH CAUSE OF ACTION
### General Negligence
### (California Government Code § 815.2(a))

53. Plaintiffs hereby incorporate herein the preceding paragraphs of this complaint to the extent relevant, as if fully set forth.

54. As of May 29, 2011, Defendants owned, possessed, harbored, cared for, entrusted, controlled or otherwise were legally responsible for Nicky. Prior to May 29, 2011, Defendants knew or should have known that Nicky was dangerous and was likely to bite people because of the dog's training and experience. Defendants, and each of them, were aware of, or should have been aware of, the dangerous propensities of Nicky, and failed to take reasonable care that the dog would not attack innocent bystanders.

55. At all times, Defendants owed Decedent a duty to act with due care to avoid unnecessary or unjustified harm. The City and Defendant Ace also owed Decedent a duty to hire, train, and supervise its employees so as not to cause harm to Decedent and to prevent the violation of constitutional and other legal rights.

56. Defendants recklessly, carelessly and negligently commanded, or failed to command, Nicky, thereby causing the dog to maul and bite decedent upon entering the walled-in yard, causing Decedent's injuries and death. The City also breached its duty to use reasonable care in the hiring, supervision, training, and/or retention of members of its police department, including the defendant officers and Nicky, to avoid foreseeable injury and damages to members of the public such as Decedent.

57. The accident and ensuing injuries described herein were foreseeable and were the legal and proximate result of Defendants' negligence in failing to exercise reasonable care to prevent injuries and death to bystanders while controlling, handling, instructing, and commanding, the dog.

58. The acts and/or omissions of Defendants, and each of them, as alleged herein occurred in the course and scope of their employment with the City of Hayward, and the City is liable for its employees' acts and/or omissions pursuant to California Government Code § 815.2 under the doctrine of *respondeat superior*.

WHEREFORE, plaintiffs pray for relief as set forth below.

### SIXTH CAUSE OF ACTION
**Assault and Battery**

59. Plaintiffs hereby incorporate herein the preceding paragraphs of this complaint to the extent relevant, as if fully set forth.

60. Defendants, acting within the course and scope of City employment, caused Decedent to be assaulted through threats of non-consensual harmful contact that Nicky had the apparent ability to cause. Defendants also intentionally caused Decedent to be subjected to non-consensual, non-privileged, offensive biting and mauling, constituting battery upon his body, causing severe bodily injury and ultimately resulting in death. Defendants' actions were a substantial factor in causing harm to Decedent, and were a legal and proximate cause of Decedent's severe injuries and death.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

12

COMPLAINT FOR DAMAGES

61. Defendants' conduct was unreasonable and was neither privileged nor justified under statute or common law.

62. Defendants acted with fraud, oppression, and/or malice, which justifies the imposition of punitive and exemplary damages.

63. The acts and/or omissions of Defendants, and each of them, as alleged herein occurred in the course and scope of their employment with the City of Hayward, and the City is liable for its employees' acts and/or omissions pursuant to California Government Code § 815.2 under the doctrine of *respondeat superior*.

WHEREFORE, plaintiffs pray for relief as set forth below.

## SEVENTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**

64. Plaintiffs hereby incorporate herein the preceding paragraphs of this complaint to the extent relevant, as if fully set forth.

65. Defendants engaged in extreme, unreasonable, and outrageous conduct with the intention of causing, or reckless disregard of the foreseeable risk of causing, extreme emotional distress to Decedent. Decedent in fact suffered severe and extreme emotional distress, physical injuries, and medical and related expenses, and the canine attack was the actual and proximate cause of these damages.

66. Defendants acted with fraud, oppression, and/or malice, which justifies the imposition of punitive and exemplary damages.

67. The acts and/or omissions of Defendants, and each of them, as alleged herein occurred in the course and scope of their employment with the City of Hayward, and the City is liable for its employees' acts and/or omissions pursuant to California Government Code § 815.2 under the doctrine of *respondeat superior*.

///

///

///

WHEREFORE, plaintiffs pray for relief as set forth below.

### EIGHTH CAUSE OF ACTION
### Interference with Constitutional Rights
### (California Civil Code 52.1 ["Bane Act"])

68. Plaintiffs hereby incorporate herein the preceding paragraphs of this complaint to the extent relevant, as if fully set forth.

69. Defendants, through the actions and omissions described above, caused Decedent to suffer the violation of his rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and the California Constitution.

70. Defendants' above-described conduct and/or omissions violated Decedent's rights under California Civil Code § 52.1 by interfering, or attempting to interfere, by threats, intimidation, or coercion, with the exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of the State of California, including but not limited to Decedent's right to be secure in his person from unreasonable searches and seizures under both the Fourth Amendment to the United States Constitution and Article 1, section 13 of the California Constitution, his right to substantive due process under the Fourteenth Amendment to the United States Constitution, and the right to enjoy and defend life and liberty, and pursue and obtain safety, happiness and privacy, as secured by Article 1, section 1 of the California Constitution.

71. As a direct and proximate result of the conduct of Defendants described herein, Decedent was denied his constitutional, statutory and legal rights, and suffered general and special damages.

72. Defendants acted with fraud, oppression, and/or malice, which justifies the imposition of punitive and exemplary damages.

73. Plaintiff is further entitled to treble damages, civil penalties, attorneys' fees, and all other damages allowed by California Civil Code § 52.

74. The acts and/or omissions of Defendants, and each of them, as alleged herein occurred in the course and scope of their employment with the City of Hayward, and the City is

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

14

COMPLAINT FOR DAMAGES

liable for its employees' acts and/or omissions pursuant to California Government Code § 815.2 under the doctrine of *respondeat superior*.

WHEREFORE, plaintiffs pray for relief as set forth below.

### NINTH CAUSE OF ACTION
### Wrongful Death
### (California Code of Civil Procedure §§ 377.60, 377.61)

75. Plaintiffs hereby incorporate herein the preceding paragraphs of this complaint to the extent relevant, as if fully set forth.

76. Defendants intentionally and wrongfully assaulted, battered, and maimed Decedent, proximately causing his death. Defendants either intended to cause Decedent's death when assaulting, battering and maiming him, or intended to assault and batter Decedent and thereby proximately caused his death. In the alternative, Defendants' negligent actions and/or negligent failures to act, as set forth above, proximately caused the death of Decedent.

77. As an actual and proximate result of Defendants' wrongful conduct against Decedent, and the proximately caused death of Decedent, Plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of Decedent, as well as funeral and burial expenses, all in an amount according to proof at trial.

78. The acts and/or omissions of Defendants, and each of them, as alleged herein occurred in the course and scope of their employment with the City of Hayward, and the City is liable for its employees' acts and/or omissions pursuant to California Government Code § 815.2 under the doctrine of *respondeat superior*.

WHEREFORE, plaintiffs pray for relief as set forth below.

### PRAYER

WHEREFORE, plaintiffs pray that the Court, as to all Defendants and each of them jointly and severally:

1. An award of special or economic damages sustained by Decedent before his death, including without limitation the necessary and reasonable medical expenses he incurred, according

15

COMPLAINT FOR DAMAGES

to proof;

2. An award of general or noneconomic damages sustained by Decedent before his death, including without limitation compensation for his pre-death pain and suffering, according to proof;

3. An award of wrongful death damages to Plaintiffs for the loss of Decedent's love, comfort, society, support and affection, to the fullest extent permitted by California law, according to proof;

4. An award of funeral and burial expenses, according to proof;

5. An award of statutory damages, treble damages, and penalties pursuant to California Civil Code §52(b);

6. An award of punitives and exemplary damages against the individual defendants only, in an amount that is sufficient to punish and deter, according to proof;

7. Grant injunctive relief enjoining, pursuant to California Civil Code § 52.1, defendant City of Hayward from authorizing, allowing, or ratifying the practice by any police officer employee of the city of using police dogs in a manner that constitutes excessive or unreasonable force;

///

///

///

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

16

COMPLAINT FOR DAMAGES

8. Award plaintiffs their costs, expenses, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1998; California Civil Code §§ 51.7, 52, 52.1; and California Code of Civil Procedure § 1021.5;

9. Award pre- and post-judgment interest as permitted by law; and

10. Grant such other and further relief as the Court may deem just and proper.

Dated: March 30, 2012

WALKUP, MELODIA, KELLY & SCHOENBERGER

_____
MATTHEW D. DAVIS
Attorney for Plaintiffs

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: March 30, 2012

WALKUP, MELODIA, KELLY & SCHOENBERGER

_____
MATTHEW D. DAVIS
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES