LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
(415) 981-7210

MATTHEW D. DAVIS (State Bar #141986)
DORIS CHENG (State Bar #197731)
**ATTORNEYS FOR PLAINTIFFS**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA McKAY AND JONATHAN PORTERO-BROWN, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO THE ESTATE of JESSE PORTER; AND JESSE PORTER JR., INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST TO THE ESTATE of JESSE PORTER, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JESSE PORTER, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HAYWARD, FORMER HAYWARD POLICE CHIEF RON ACE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, HAYWARD POLICE OFFICERS LORING COX, MICHAEL MILLER, and ROBERT PURNELL, and DOES ONE through TWENTY FIVE, inclusive, <br><br> Defendants. | Case No. 3:12-CV-121613 NC <br><br> **JOINT STATEMENT RE DISCOVERY DISPUTE** <br><br> Action Filed: 03/30/12 <br> Trial: 06/24/13 |

Pursuant to the Magistrate Judge's civil standing order, the parties submit the following joint statement re their discovery dispute.

**(1) Nature and status of dispute**

    (a)    **Plaintiffs' contentions:**

Plaintiffs contend that defendants failed to produce documents in response to plaintiffs'

January 29, 2013 requests for production and an April 3, 2013 oral order of this court (embodied in an April 4 written order). Specifically, defendants failed to produce complaints regarding canine unit deployments brought against members of the Hayward Police Department within the last five years. These documents were relevant to, among other things, their claim that defendant City of Hayward is liable under *Monell v. City of New York Department of Social Services*, 436 U.S. 658 (1978) for a "pattern and practice" of constitutional violations.

Plaintiffs recently learned that defendants had complaints about K9 deployments in their possession, but did not produce them as required. Defendant City of Hayward thereafter moved for summary adjudication on the *Monell* claim. Plaintiffs located one such complaint, a lawsuit filed by a citizen, by searching the PACER website shortly before the due date of plaintiffs' brief in opposition to summary adjudication and were thus able to include that complaint in their opposition. Plaintiffs discovered four additional complaints (also lawsuits found on the PACER system) after they filed their opposition. Plaintiffs were thus prejudiced by defendants' failure to produce said complaints. Plaintiffs are concerned that defendants have withheld other K9 complaints.

Defendants' assertion that plaintiffs owe discovery responses is both incorrect and being asserted as a distraction. Defendants' stated at the March 27 CMC that there were no outstanding discovery issues against plaintiffs. Defendants do not specify the discovery that is purportedly outstanding. Moreover,

**(b) Defendants' contentions:**

Defendants contend plaintiffs' service of their discovery demand – a request for production of documents served on January 29, 2013 – was untimely pursuant to federal rules and local court rules. Nonetheless, defendants contend they fully complied with plaintiffs' discovery request. Specifically, the following requests for production are the subject of the instant discovery dispute:

"Request for Production No. 5:

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

Any and all documents which have as any part of their subject matter, *citizen complaints* alleging misconduct on the part of any Hayward Police K9 over the past fifteen years."

Request for Production No. 6:
Any and all documents which have as any part of their subject matter, investigation of *citizen complaints* concerning any Hayward Police K9 over the past fifteen years."

On April 1, 2013, immediately following the Court's issuance of a protective order regarding confidential police records, defendants produced responsive citizen complaint information and investigatory records. However, defendants objected to production of citizen complaint information for police officers uninvolved in the instant action.

On April 3, 2013, the Court heard argument concerning production of citizen complaint information for police officers uninvolved in the instant action. A review of the transcript of the proceedings reveals the Court ordered disclosure of the citizen complaint forms, but not any investigatory material, regarding canine unit deployments brought against canine unit officers and their service dogs within the last five years. (Transcript of Proceedings, April 3, 2013, pg 10:14 – 12:14.) On April 17, 2013, defendants produced an additional citizen complaint filed against an uninvolved canine handler. Plaintiffs now contend the Court ordered disclosure of not only citizen complaint forms, but also records that exceed the scope of plaintiffs' own discovery demands cited above. Specifically, plaintiffs contend that "citizen complaints" also mean "lawsuits" and defendants failed to produce them. Defendants contend that "citizen complaints" means citizen complaints and it complied with the Court's order to produce said records. Defendants further contend that plaintiffs are attempting to collaterally undermine defendants' motion for summary judgment by obtaining a second bite at opposing defendants' motion through an alleged discovery dispute. Defendants also contend plaintiffs are attempting to re-open discovery shortly before trial.

Lastly, plaintiffs have failed to produce responses to defendants' special interrogatories and request for production. Defendants served special interrogatories and requests for production

directed at Jesse Porter's estate and the individual plaintiffs. To date, plaintiffs failed to produce any responses and have not provided a legally-cognizable reason for their failure to respond.

**(2) Each unresolved issue**

    (a)    Whether defendants complied with requests for production and an order of the court.

    (b)    Whether plaintiffs have been prejudiced as a result in terms of opposing the City of Hayward's motion for summary adjudication.

    (c)    Whether plaintiffs are attempting to re-open discovery in an effort to obtain leave to supplement their opposition to defendants' motion for summary judgment.

    (d)    Whether plaintiffs have complied with defendants' special interrogatories and requests for production of documents.

**(3) Summary of each party's position with respect to each unresolved issue**

    (a)    Plaintiffs contend that defendants failed to produce documents as required by the requests for production and court order. Defendants contend they have fully complied with the document requests and court order.

    (b)    Plaintiffs contend that they have been prejudiced by defendants' non-compliance in that they were unable to present at least other four complaints regarding deployment of HPD K9 units in support of their opposition to the motion for summary adjudication. Defendants contend there has been no prejudice because plaintiffs' discovery did not and does not include the record they now demand. Furthermore, defendants contend there is no prejudice because they did in fact produce citizen complaints responsive to the discovery demand and the court's order. Lastly, defendants contend that there is no prejudice because plaintiffs have been aware of the existence of lawsuits for over five months and because the lawsuits were already in the public record and discoverable by plaintiffs.

    (c)    Defendants contend that plaintiffs have generated this dispute in an effort to

obtain leave to supplement their opposition to defendants' motion for summary judgment and to re-open discovery shortly before the June 24, 2013 trial. Plaintiffs contend the materials at issue should have been produced on or before April 17, 2013 (a date set forth in the court's order).

(d) Plaintiffs contend they owe no discovery to defendants.

**(4) Each party's proposed compromise with respect to each unresolved issue.**

(a) Plaintiffs propose that defendants produce all HPD K9 complaints within the last five years, including without limitation any complaints filed in federal or state court. Defendants propose that no action is required because plaintiffs' original discovery demand sought citizen complaints and defendants produced citizen complaints responsive to plaintiffs' discovery demand and the court's order.

(b) Plaintiffs propose that they be permitted to supplement their opposition to the motion for summary adjudication so as to include the four complaints that plaintiffs located after they filed their opposition and any additional complaints that defendants produce in response to this process.

(c) Defendants propose that the status quo be maintained, that it would be unwarranted to allow plaintiffs leave to supplement their opposition, and that the entire matter be dropped as an untimely attempt by plaintiffs to re-open discovery in an effort to obtain leave to supplement their opposition to defendants' motion for summary judgment.

(d) Defendants propose that plaintiffs produce a response to defendants' special interrogatories and request for production of documents.

(e) Defendants propose that defendants be permitted to supplement their motion for summary judgment so as to include any material information provided by plaintiffs in response to defendants' special interrogatories and request for production of documents.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5
JOINT STATEMENT RE DISCOVERY DISPUTE - CASE NO. 3:12-CV-121613 NC

Dated: May 20, 2013

WALKUP, MELODIA, KELLY & SCHOENBERGER

/S/
MATTHEW D. DAVIS
DORIS CHENG
Attorneys for Plaintiffs

DATED: May 20, 2013

MICHAEL S. LAWSON, City Attorney

By: _____
Rafael E. Alvarado Jr., Assistant City Attorney
Attorneys for Defendants

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

6
JOINT STATEMENT RE DISCOVERY DISPUTE - CASE NO. 3:12-CV-121613 NC