# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| CHINA MCKAY, and others,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF HAYWARD, and others,<br><br>　　　　　Defendants. | Case No. 12-cv-01613 NC<br><br>**ORDER DENYING DISCOVERY REQUESTS**<br><br>Re: Dkt. No. 57 |

Almost three months after the close of fact discovery and one week before a hearing on summary judgment, the parties submitted a joint letter brief arguing that neither side had produced certain requested fact discovery. No hearing is necessary to decide this tardy discovery dispute.

Plaintiffs argue that defendants have not produced all evidence of complaints regarding canine unit deployments against the city and police department in accordance with this Court's order from the April 3, 2013 discovery hearing. Defendants, on the other hand, allege that plaintiffs have failed to respond to their interrogatories regarding the estate of Jesse Porter and the individual plaintiffs.

Both parties fail to establish good cause to reopen fact discovery or to modify the summary judgment briefing schedule. All requested relief is denied.

//

A.   **Plaintiffs' Request for Federal and State Lawsuits**

Plaintiffs fail to establish good cause for moving to compel additional discovery at this stage. First, the fact discovery deadline was February 28, 2013, and more than six weeks have passed since this Court ordered production of other complaints brought against the department for similar conduct. *See* Dkt. No. 26 ("the Court orders defendants to produce within fourteen days all complaints regarding canine unit deployments brought against canine unit officers and their service dogs within the last five years. Defendants must also produce a privilege log of any documents they have withheld from this production on the basis of privilege."). If defendants failed to follow this order, plaintiffs have not shown good cause why they waited another month to bring it to the Court's attention. Second, plaintiffs have not shown that publicly filed lawsuits were contemplated by their definition of "citizen complaints" in their discovery requests. Defendants may be making a narrow reading of the request, but the Court cannot say that is unjust given that the vague term "citizen complaints" was drafted by plaintiffs. Third, the additional discovery plaintiffs now seek is evidence of other lawsuits brought against the city and police department. This information is publicly available and not within the exclusive control of the defendants. Plaintiffs filed their *Monell* claim over a year ago. If they waited until now to investigate similar lawsuits against defendants, they have not demonstrated diligence.

And finally, in their opposition to summary judgment, plaintiffs cite to other encounters between the service dog at issue, Nicky, and the public. Dkt. No. 46 at 6-8. Plaintiffs have not filed an affidavit or declaration stating they cannot support their opposition under Federal Rule of Civil Procedure 56(d) nor made any showing as to why the information they now seek was not discoverable prior to filing their opposition. Accordingly, the Court DENIES plaintiffs' requests: (1) to compel additional discovery and (2) to supplement plaintiffs' opposition to summary judgment.

//

**B. Defendants' Request for Interrogatory Responses**

Defendants assert that plaintiffs failed to respond to certain interrogatories and seek to compel their response. Defendants also seek to supplement their motion for summary judgment to include plaintiffs' responses. Defendants, however, make no showing as to why the interrogatory responses are relevant to their defense, or their motion for summary judgment in particular, or why they have waited until a week before the motion hearing, after the close of discovery, to bring the issue to the Court's attention. The Court therefore DENIES defendants' requests for lack of good cause.

IT IS SO ORDERED.

Date: May 23, 2013

Nathanael M. Cousins
United States Magistrate Judge